[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ORDER RE: MOTION TO PRECLUDE
Upon receiving all materials submitted by the parties in support of and in opposition to the plaintiff's Motion to Preclude dated December 12, 2002, the Court hereby rules on said Motion as follows:
1. This is a medical malpractice action that was commenced by the service of process on August 15, 2000. In the action, plaintiff Linda Cook seeks money damages from defendant Om P. Saini, M.D. for alleged negligence in the performance of cosmetic surgery upon her on May 19 and June 23, 1998.
2. On March 7, 2002, when the case was called in for a. pretrial conference, the Court (Corrigan, J.T.R.) set a trial date of February 4, 2003 and entered orders that pretrial discovery be completed on the following schedule:
3/21/02 Compliance with written discovery
6/30/02 Plaintiff to disclose expert witnesses
7/31/02 Depositions of fact witnesses to be completed
9/30/02 Depositions of plaintiff's expert witnesses to be completed
11/30/02 IME to be scheduled
11/30/02 Defense to disclose expert witnesses
1/20/03 Depositions of defense expert witnesses to be completed
3. On December 9, 2002, without first requesting a modification of the above-described scheduling order, the defendant mailed his expert disclosure to the Court and opposing counsel. The expert disclosure was filed in the Clerk's Office on December 10, 2002. CT Page 185
4. In its entirety, the defendant's expert disclosure provided as follows:
 DISCLOSURE OF EXPERT
Pursuant to Connecticut Practice Book Section 13-4, the defendant, Om P. Saini, M.D. discloses the following expert witness who is expected to testify on his behalf at the time of trial.
Edward Lack, M.D.464 Circle LaneLake Forest, IL 60045
 Substance of Expert Testimony: Dr. Lack is expected to testify that the defendant, Om P. Saini, did not depart from the accepted medical standards in the liposuction surgery he performed on the plaintiff, Linda Cook. Dr. Lack will testify that the care and treatment provided to the plaintiff was done so in a reasonable manner. The results that the plaintiff experienced are inherent to the procedure and are. common. Therefore, they cannot be attributed to poor technique in the absence of specific acts of negligence. He is also further expected to testify on issues of causation and may rebut claims raised by the plaintiff and plaintiff's expert in this case.
Basis of Expert Opinion: Dr. Lack bases his opinion on his education, training, experience and expertise, along with his review of the pertinent records in this case.
 DEFENDANT, OM P. SAINI, M.D. By ___________________
[Defense Counsel]
5. On December 12, 2002, the plaintiff moved this Court to preclude the testimony of the defendant's disclosed expert, Dr. Lack, on two grounds: first, that the disclosure was not in compliance with Practice Book § 13-4(4); and second, that the disclosure was late.
6. A simple comparison between the defense's expert disclosure and the text of Practice Book § 13-4(4) reveals that the disclosure does not even purport to describe all of the matters which a proper expert disclosure must describe. Practice. Book § 13-4 (4) provides in relevant part that:
CT Page 186 Any plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the witness is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial. Each defendant shall disclose the names of his or her experts in like manner within a reasonable time from the date the plaintiff discloses experts . . . [.]
The defendant's expert disclosure obviously lists the expert's name and gives a bare-bones description of the subject matter of his expected testimony, to wit: the defendant's purported compliance with the standard of care and certain unspecified issues of causation." It wholly fails, however, to describe the substance of the facts and opinions to which the expert is expected to testify or to state in any fashion, summary or otherwise, the grounds for each opinion. The disclosure therefore fails to comply in substance with the requirements of Practice Book §13-4(4).
7. In addition, the defendant's expert disclosure is plainly late, having been filed, without excuse or permission, ten days after the deadline established for that purpose by the Court. No justification for the late disclosure was advanced either in the disclosure itself or in the defendant's Objection to Motion to Preclude dated December 18, 2002, which was filed with this Court on December 19, 2002.
8. Where, as here, a party to a civil action fails to make a proper expert disclosure in timely fashion, the intended beneficiary of the disclosure may move the Court, as the plaintiff has done, to preclude the expert's testimony at trial. On this score, Practice Book § 13-4(4) provides as follows:
 If disclosure of the name of any expert expected to testify at trial's not made in accordance with this subsection, or if an expert witness who is expected to testify is retained or specially employed after a reasonable time prior to trial, such expert shall not testify if, upon motion to preclude such testimony, the judicial authority determines that the late disclosure (A) will cause undue prejudice to the moving party; or (B) will cause undue interference with the orderly progress and trial in the case; or (C) involved bad faith delay of disclosure by the CT Page 187 disclosing party.
9. Under this rule, the sanction of preclusion cannot be imposed unless the judicial authority finds that the movant has been unduly prejudiced, that the orderly progress of the trial will be unduly interfered with, or that the delay in disclosure resulted from the disclosing party's bad faith.
10. Here, neither the plaintiff nor the defendant has requested the opportunity to present evidence in support of or in opposition to this Motion. Accordingly, the Court must base its determinations on the issues of prejudice, interference with the orderly progress of trial and bad faith on the facts set forth in the record before it.
11. The plaintiff has made no specific claim of prejudice, interference with the orderly progress of trial or bad faith in her motion to preclude. From the record before this Court, however — including, especially, the defendant's Opposition to Motion to Preclude — it is apparent that the plaintiff will be unduly prejudiced and the orderly progress of the trial will be unduly interfered with unless the witness's testimony is precluded or steps to eliminate potential prejudice and interference with trial are taken forthwith.
12. In his Opposition, more particularly, the defendant argues that his expert disclosure was timely and that the plaintiff will not be prejudiced by it because, although it was filed after the Court-imposed deadline, the expert witness disclosed therein cannot be deposed due to an illness — specifically, a malignancy — that was diagnosed in November 2002. The illness, it is claimed, would have disenabled the witness from giving a deposition in November or December even if he had been disclosed in timely fashion. Due to the witness's recent surgery and likely course of treatment after surgery, the defendant stated, the witness is not likely to be able to give a deposition until mid-February of 2003, at least two weeks after the scheduled start of trial. Accordingly, the defendant noted, he had requested a three-month continuance of the trial date which, if granted, would alleviate any prejudice the plaintiff might suffer due to her inability to depose Dr. Lack.
13. Though this Objection is impressively straightforward, it is presumptuous in the extreme. What it explains and clearly establishes is that the defendant's late, insufficient disclosure of Dr. Lack was never intended to satisfy the purpose of the Court's scheduling order, to wit: to ensure that all defense experts would be fully disclosed and made available for meaningful deposition by January 30, 2003, the very eve of CT Page 188 the scheduled trial. Instead, it was filed in an attempt to gain a self-help continuance of the trial date upon the belief that the Court would grant the requested continuance due to the expert's serious illness.
14. Unfortunately for the defendant, this Court (Langenbach, P.J.) denied the defendant's request for continuance of the trial date. In light of that ruling, which was well within the Court's discretion due to the defendant's failure to move in timely fashion to continue the trial date and/or modify the scheduling order when he first learned of the expert's medical condition, the plaintiff now faces the prospect of trial with an improperly disclosed opposing expert witness, whom she probably cannot depose in time to prepare for his testimony at trial. Such prejudice, which could have been avoided had the defendant taken an alternative course of action, is undue prejudice of the kind that requires preclusion of the expert's testimony unless immediate steps are taken to effect a cure by other means.
15. The only way to avoid undue prejudice to the plaintiff in this case is for the defendant to supply her with a proper, fully detailed expert disclosure of Dr. Lack or a substitute expert witness in time to prepare for and conduct a proper deposition of that witness by January 30, 2003. Said disclosure must be made not later than January 17, 2003. The plaintiff will not be prejudiced in substance by the naming of a substitute expert, if that should be the defendant's course, because the initial disclosure of Dr. Lack was so lacking in substance.
16. If, however, the defendant fails to file a proper expert disclosure of Dr. Lack or a substitute expert witness by January 17, 2003, and/or fails to make said properly disclosed expert available for deposition on or before January 30, 2003, the testimony of said expert must be precluded at trial because of undue prejudice to the plaintiff in preparing to meet the expert's testimony at trial.
IT IS SO ORDERED this 9th day of January, 2003.
 BY THE COURT ___________________ Michael Sheldon, J.
CT Page 189